IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEANDREW CORTEZ DAVIS,     )
     )
     Petitioner,     )
     )
     v.     )     Civil Action No. 2:16cv425-MHT
     )     [WO]
UNITED STATES OF AMERICA,     )
     )
     Respondent.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 1),[1] petitioner Deandrew Cortez Davis argues he is entitled to be resentenced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons discussed below, the Magistrate Judge finds that Davis's § 2255 motion should be denied and this case dismissed with prejudice.

## I.   BACKGROUND

On August 25, 2011, Davis pleaded guilty under a plea agreement to one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3); and twelve counts of uttering counterfeit Federal Reserve notes, in violation of 18 U.S.C. § 471 (Counts 4 through 15). On November 22, 2011, the district

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

court sentenced Davis to 90 months in prison, consisting of 90 months on Count 1 and Counts 4 through 15, and 90 months on Count 3, all to be served concurrently.  Doc. No. 5-4 at 2; *see* Doc. No. 16-1.  That sentence was ordered to run consecutively to a 54-month custodial term Davis was serving for the revocation of his supervised release.  *Id.*

The sentence imposed by the district court was the product of a plea agreement by which the government recommended a sentence of 90 months, which in connection with the district court's grant of a downward variance, resulted in a sentence "substantially" below Davis's calculated Sentencing Guidelines range.  Doc. No. 16-1 at 3–11.  The district court entered its judgment on November 30, 2011.  Doc. No. 5-4 at 1.  Davis took no appeal.

On June 6, 2016, Davis filed this § 2255 motion arguing he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Doc. No. 1 at 4; *see* Doc. No. 2 at 1–2.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause—which included in the definition of "violent felony" any offense that "otherwise involves conduct that presents a serious potential rise of physical injury to another"—was unconstitutionally vague.[2]  135 S. Ct. at 2557.  Based on that

---

[2] Under the ACCA, 18 U.S.C. § 924(e), a defendant who violates 18 U.S.C. § 922(g) (criminalizing possession of a firearm by a convicted felon) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of fifteen years' imprisonment.  *See* U.S.C. § 924(e)(1).  The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)  is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

holding, the Supreme Court concluded that "imposing an increased [ACCA] sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id*. at 2563.

In April 2016, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. at 1268. As a result of *Johnson* and *Welch*, inmates sentenced as armed career criminals based on prior convictions deemed "violent felonies" under the ACCA's residual clause were allowed to challenge their ACCA sentences through § 2255 motions.

## II.   DISCUSSION

### A.   Davis's Claim Under *Johnson*

Davis's sole claim is that his conviction "under 18 U.S.C. § 924(c) for carrying a firearm during and in relation to a 'crime of violence' . . . does not qualify as a crime of violence pursuant to the Supreme Court's decision in *Johnson*."[3] Doc. No. 1 at 4; *see also* Doc. No. 2 at 1–2. However, this claim must fail for the simple reason that Davis was not convicted of an offense under 18 U.S.C. § 924(c). Although he was charged with a § 924(c) offense in Count 2 of his indictment—for using or carrying a firearm during a drug

---

18 U.S.C. § 924(e)(2)(B). The first prong of this definition, § 924(e)(2)(B)(i), is known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id*.

[3] Distinct from the ACCA, 18 U.S.C. § 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1).

trafficking crime—that count was dismissed after he pleaded guilty to other counts.  *See* Doc. No. 16-1 at 3.  Consequently, Davis's claim is factually baseless.

One count for which Davis was convicted, Count 3, was for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  However, Davis was not sentenced as an armed career criminal under the ACCA, and his sentence for his § 922(g) conviction was not enhanced based on any of his prior convictions. Because the ACCA played no part in Davis's conviction and sentence, the main holding of *Johnson*, which voided the ACCA's residual clause, does not apply to Davis.

Nor was Davis sentenced as a career offender under the career-offender provision of the Sentencing Guidelines.  *See* U.S.S.G. § 4B1.1(a).  Davis's sentence was wholly the product of a plea agreement by which the government recommended a sentence of 90 months, which in connection with the district court's grant of a downward variance, resulted in a sentence substantially below Davis's calculated Sentencing Guidelines range. Even if Davis's sentence was influenced by some guideline enhancement (which it was not), the decision in *Johnson* would not have been implicated.  In *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court held that *Johnson* has no applicability to the Sentencing Guidelines. *See* 137 S.Ct. at 890–94.

Finally, Davis's sentence was not based on the application of any residual clause-type provision regarding a "violent felony" or a "crime of violence"—whether in the ACCA, in the Sentencing Guidelines, or in 18 U.S.C. § 924(c), which, as noted above, was a charge against Davis that was dismissed under his plea agreement.

For all these reasons, Davis's reliance on *Johnson* to challenge his sentence is misplaced.

**B.    Statute of Limitations**

The government correctly argues that Davis's claim is also time-barred under the one-year limitation period in 28 U.S.C. § 2255(f), since his attempt to rely on *Johnson* is misplaced.  *See* Doc. No. 5 at 11–13.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court.  28 U.S.C. § 2255(f).  A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final.[4]  28 U.S.C. § 2255(f)(1).  As noted above, the district court entered its judgment on November 30, 2011.  When a defendant files no direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires.  *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012).  Accordingly, Davis's conviction became final on December 14, 2011.  *See* Fed.R.App.P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment).  Because Davis did not file this § 2255 motion until June 6, 2016, his motion is untimely under § 2255(f)(1).

---

[4] The § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness."  *See Zack v. Tucker*, 704 F.3d 917, 924, 926 (11th Cir. 2013).  "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision.  If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed."  *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017)

Davis cannot rely on § 2255(f)(3) to overcome this problem. Under subsection (f)(3), the one-year limitation period does not run from the date a conviction becomes final, but instead from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Davis seems to assume that the *Johnson* case fits within the (f)(3) definition and also gives him a right to relief, and that his § 2255 motion is therefore not time-barred. *See* Doc. No. 1 at 10. However, as indicated above, Davis's reliance on *Johnson* is misplaced, since (1) he was not sentenced under the ACCA and the only provision the Supreme Court in *Johnson* found to be unconstitutional was the residual clause of the ACCA; (2) the Supreme Court clarified in *Beckles* that the holding in *Johnson* does not extend to the Sentencing Guidelines; and (3) Davis's sentence was not based on any residual clause-type provision, whether in the ACCA, in the Sentencing Guidelines, or in 18 U.S.C. § 924(c).

*Johnson* does not give Davis any right to relief from the sentence he received, and because *Johnson* is inapplicable, the limitation period applicable to Davis's claim is found in § 2255(f)(1). Davis's § 2255 motion is therefore time-barred.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the §2255 be denied and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before August 2, 2018. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.   Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of July, 2018.

/s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE